IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARC CORRERA,                )
                             )
         Plaintiff,          )
                             )
    v.                       )    No. 10 C 1048
                             )
TAG ASSOCIATES LLC,          )
                             )
         Defendant.          )

## MEMORANDUM ORDER

Marc Correra ("Correra") has filed this three-count action against TAG Associates LLC ("TAG"), seeking to invoke federal jurisdiction in diversity of citizenship terms. Because that effort is impermissibly flawed, so that Correra has failed to carry his burden of establishing subject matter jurisdiction here, this sua sponte memorandum order dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaws can be cured promptly, the action can then be reinstated.

Complaint ¶1 is defective as to Correra himself, speaking only of his residences over a several-year period, when by definition the relevant jurisdictional fact is his present state of citizenship. On that score our Court of Appeals has taught in Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004) that "when the parties allege residence but not citizenship, the district court must dismiss the suit." Although this Court generally tends to be more forgiving if that all-too-common error

appears to reflect a simple mistake and also looks to be almost certainly curable, that is not at all clear here.

As if that were not enough, Complaint ¶2 speaks only of the jurisdictionally irrelevant factors of TAG's state of formation and the location of its principal place of business. That last set of allegations ignores more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until sometime last year this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Correra's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Correra and his counsel jointly obligated to pay a fine of

$350 to the Clerk of this District Court if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[1]  Because this dismissal is attributable to Correra's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

In that respect this Court has no way of knowing whether TAG's membership does not include at least one person who shares Correra's state of citizenship, so that the jurisdictional flaws spoken of here may prove readily curable.  But in anticipation of that possibility, this Court is contemporaneously issuing its customary initial scheduling order, an order that would of course be vacated if this action remains dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date:   February 18, 2010

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable.